Johnson, J.
The order of the 21st February, 1834, was made on the application of the plaintiffs themselves, and is in its nature. final, and not interlocutory. It awards execution against the parties, and if erroneous, was the subject of appeal. I am therefore clearly of opinion that the Chancellor had no authority to set it aside, on account of any supposed error in point of fact or law. But it is equally clear that the Courts, both of Law and Equity, or a Judge or Chancellor at chambers, have the power, and daily exercise it, of suspending the execution of even final process on account of subsequent matter which would'render the execution of it oppressive or iniquitous. Thus, when the amount due on a ft. fa. or ca. sa. had been paid to the plaintiff, and satisfaction not entered, or where there were mutual judgments which might be set off against each other, and one of the parties should be taken in execution, in these and such like cases at common law, it is the- daily practice to obtain an order at chambers, in vacation, to stay the proceedings until Term time, when the matters of dispute, *if there be any, can be determined according to the forms of law. And I would say, in L * general, that whenever subsequent occurrences would render the execution of-a judgment or order of a Court, either of Law or Equity, oppressive or unjust, the execution of it ought to be restrained; and if this should happen in vacation, it can only be done by an order at chambers.
In the application of this rule, it will be necessary to advert particularly to the circumstances of the case. The parties had been partners in trade, and the object of the bill was for an account and settlement of the concern. A report had been made by which it appeared that each of the parties were individually indebted to the concern. The debts of the concern were to be provided for out of this fund, and it was the interest of all, as well as their duty, to make this fund available as promptly as possible, and hence the application and order for final process against them individually, for the sums severally due by them. In this there was a perfect equality ; the parties and their effects were in the power of the Court, and acceptable to its process, when the order was made ; but the defendant aftewards removed with his property without the reach of the process of the Court, and by that act destroyed that equality of benefit and of burthen, which was the foundation of the order, and now asks, through his solicitor, that it shall be enforced against the plaintiffs. This will not be tolerated.
It is said that creditors are interested in the execution of this order *126 They are not parties to the bill, and cannot be heard. — If there be creditors, the Courts of Justice are open to them, and will afford relief when they apply for it. There is certainly nothing in the order itself, nor in the proceedings, which shows that it was made at the instance of the creditors, or for their security, nor is it pretended that the arrest of Wm. T. Spann was made at their instance. <■
The claims of the officers of the Court stand precisely upon the footing of the claims of the creditors ; the object of the order, as before observed, was intended solely for the benefit and security of the parties themselves, and not for the officers of Court, and must be governed by the same rule. The payment of the costs was dependent on the payment of the fund into Court; and that having been defeated, the payment of costs must be postponed until the final determination of the case, or until some substantive order shall be made for their payment.
*1581 *UP°n ^ie whole, we think the Chancellor has put the case J upon the true grounds, and concur with him in opinion.
Motion dismissed.